FILED IN OPEN COURT
JACKSONVILLE, FLORIDA
1.8.2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:26-cr-2-WWB-LLL
21 U.S.C. § 963
(conspiracy to distribute and attempted distribution of methamphetamine)
21 U.S.C. §§ 959(a)
(distribution of methamphetamine)

FARID ALBERTO MORALES ARAYA
a/k/a "Beto"
JOSE FRANKLIN CUESTA

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Conspiracy to Distribute a Controlled Substance for Purpose of Unlawful Importation)**

Beginning on an unknown date, but no later than on or about May 2, 2025 through on or about May 5, 2025, in the country of Costa Rica, and elsewhere, the defendants,

FARID ALBERTO MORALES ARAYA
a/k/a "Beto," and
JOSE FRANKLIN CUESTA,

who will first be brought into the United States at a point in the Middle District of Florida, did knowingly, willfully, and intentionally conspire with each other and other persons, both known and unknown to the grand jury, to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such

substance would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959(a).

With respect to each defendant, the violation involved 500 ~~kilo~~grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 960(b)(1)(H).

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. § 963.

## COUNT TWO
**(Distribution of Controlled Substance for Purpose of Unlawful Importation)**

On or about May 2, 2025, in the country of Costa Rica, and elsewhere, the defendants,

FARID ALBERTO MORALES ARAYA
a/k/a "Beto," and
JOSE FRANKLIN CUESTA,

who will first be brought into the United States at a point in the Middle District of Florida, aiding and abetting each other, did knowingly and intentionally distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States.

With respect to each defendant, the violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 960(b)(1)(H).

In violation of 21 U.S.C. § 959(a) and 18 U.S.C. § 2.

## COUNT THREE
## (Attempted Distribution of Controlled Substance for Purpose of Unlawful Importation)

On or about May 5, 2025, in the country of Costa Rica, and elsewhere, the defendants,

FARID ALBERTO MORALES ARAYA
a/k/a "Beto," and
JOSE FRANKLIN CUESTA,

who will first be brought into the United States at a point in the Middle District of Florida, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States.

The violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 960(b)(1)(H).

In violation of 21 U.S.C. §§ 959(a) and 963, and 18 U.S.C. § 2.

## FORFEITURE

1. The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. §§ 853 and 970.

2. Upon conviction of a violation of 21 U.S.C. §§ 963 and/or 959(a), the defendants shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1), (2), and 970, any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p).

A TRUE BILL,

Foreperson

GREGORY W. KEHOE
United States Attorney

By: ______________________
KELLI A. SWANEY
Assistant United States Attorney

By: ______________________
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
1/7/26 Revised

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

FARID ALBERTO MORALES ARAYA
a/k/a "Beto"
JOSE FRANKLIN CUESTA

# INDICTMENT

| | | |
|---|---|---|
| Violations: | Ct. 1: | 21 U.S.C. § 963 |
| | Ct. 2: | 21 U.S.C. § 959(a) |
| | Ct. 3: | 21 U.S.C. §§ 959(a), 963 |

A true bill,

Foreperson

Filed in open court this 8th day of January, 2026.

Clerk

Bail $______________